BC

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

FILED
10/21/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MEN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Shenzhen Ruichenxi Technology Co., Ltd., Plaintiff | ) | **Case Number:** 1:24-cv-08709 |
| v. | ) | **Judge:** Hon. Mary M. Rowland |
| The Partnerships and Unincorporated Associ Defendant | ) | **Magistrate Judge:** Hon. M. David Weisman |

Dear Judge Rowland,

I am writing to respectfully request the immediate dismissal of all claims against my eBay stores, FOXYFIND and MARQQET, in the matter of Shenzhen Ruichenxi Technology Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule “A”.

1. No Sales or Infringement Occurred
As the owner of these stores, I can confirm that no sales of the allegedly infringing product were ever made through either FOXYFIND or MARQQET. The item in question was promptly removed from both stores by eBay’s VeRO program upon notice, and it has never been relisted. There has been no sale or distribution of any product that might infringe on the Plaintiff's patent.

2. Sourced Directly from the Patent Holder
Even if any sales had occurred, the product would have been sourced directly from the patent holder, under the brand plusgutter, through Amazon. The specific product is available under Amazon ASIN B09YQWBRDX, ensuring full compliance with patent laws.

I use my personal Amazon Prime account to source items as a drop shipper, and I do not hold inventory or manage the shipping process. All logistics—picking, packing, and shipping—are handled by the original patent holder on Amazon, so there is no risk of unauthorized or counterfeit sales from my stores.

3. Good Faith Effort to Resolve the Matter
In an effort to resolve this issue without court intervention, I personally reached out to Plaintiff’s Attorney, Tong Jin, explaining that no sales had occurred. Despite my clear communication, the response I received stated, "The settlement demand amount also requires you to cease selling the infringing products." This reply suggests that the Plaintiff’s representatives did not fully review my letter, as it failed to address the fact that I never sold any infringing products. This leads me to believe the primary focus of the Plaintiff’s firm is to seek financial settlements from small business owners, irrespective of the facts.

4. No Basis for Continued Litigation
As a small business owner who has complied with all VeRO notices and taken swift action to address any potential issues, I find the Plaintiff’s claims to be without merit. Continuing this litigation would only result in undue hardship and wasted resources, as there is no factual basis to support the claims against me.

In light of these facts, I respectfully request that the Court dismiss the claims against FOXYFIND (Store No. 50, username: stansp_58) and MARQQET (Store No. 54, username: booksphere-0) with prejudice. This will

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]